UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:07-cr-21-T-23TGW
 8:10-cv-198-T-23TGW

JORGE REYES-RUEDA
_____/

## O R D E R

Reyes-Rueda's amended motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 3) challenges the validity of his conviction for conspiring to manufacture more than 100 but not more than 999 marijuana plants, for which offense he was sentenced to 60 months. In affirming the conviction, the circuit court's opinion (Doc. 868) recites the following facts:

> As to Defendant Reyes-Rueda, the government presented evidence that he purchased a $127,000 home at 6529 Foxcrest Lane in Lakeland, Florida, in March 2004 and paid $5,500 on the mortgage in 2004. In addition, Reyes-Rueda made large cash deposits that far exceeded the $1,100 in income reported on his 2005 tax return. During a search of Reyes-Rueda's residence, law enforcement did not find any marijuana plants or growing supplies. However, the search uncovered receipts for a garden supply store for hydroponic gardening supplies, unused money wrappers in denominations totaling $10,000, a notebook containing two coconspirators' names and addresses and a blank check belonging to a third coconspirator. Officers also found a trailer on Reyes-Rueda's property that was filled with supplies like those found in other conspirators' grow houses, such as light fixtures and light bulbs, air conditioning duct work, children's swimming pools, zip ties used to bind electrical wiring and black garbage bags.
>
> During surveillance, Reyes-Rueda met with several of the co-conspirators, including Defendant Hernandez's two cousins, towed his trailer to several

of the grow houses on multiple occasions and allowed the trailer to be towed by some of his co-conspirators. For instance, law enforcement observed Reyes-Rueda's trailer at Defendant Hernandez's residence at 480 Heather Court and the grow houses operated by Hernandez's two cousins. Law enforcement also observed the trailer being pulled by vehicles owned by Hernandez's two cousins and parked at one of the grow houses at least a dozen times.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Reyes-Rueda's motion lacks merit.

Reyes-Rueda alleges that his counsel was ineffective because counsel simultaneously represented two co-defendants in addition to Reyes-Rueda, creating an obvious conflict of interest. In his motion to vacate Reyes-Rueda details numerous examples of prejudice due to the conflict. Reyes-Rueda admits (amended motion to

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

vacate at 8, Doc. 3) that he waived the conflict regarding one of the co-defendants but contends the waiver did not apply to counsel's representing another co-defendant.

> On February 27, 2007, a hearing was held before United States Magistrate Judge Thomas G. Wilson, in which Movant and co-defendant Ramon Hernandez requested to keep Colon as their attorney and waived their conflict of interest rights. However, the issue of a possible conflict of interest between Reyes-Rueda and co-defendant Yosvani Broche-Gonzalez was not addressed.

The record proves otherwise. A hearing was held to determine whether defense counsel Mr. Colon could represent more than one defendant in this case. Although only two of the co-defendants were present during the hearing, Reyes-Rueda and Ramon Hernandez, several times the magistrate judge clearly discussed the fact that Mr. Colon was intending to also represent the third co-defendant. See Transcript of Hearing at 6, 8, 9-12 (Doc. 879) During the last discussion Reyes-Rueda waived Mr. Colon's conflict of interest for simultaneously representing three co-defendants and acknowledged that the waiver precludes subsequent complaints that the conflict rendered trial counsel ineffective.

> THE COURT: I'll explain a little bit more about that. If a defendant goes to trial and he's convicted, from time to time he can . . . complain after he has been convicted that his lawyer was ineffective, and he would file a motion in this court to vacate the conviction under a section called 2255. And so this is something after he's convicted – defendants from time to time complain that their lawyer was ineffective. You would have to give up your right to complain that Mr. Colon was ineffective because he represented three defendants in this case. Do you understand that?
>
> DEFENDANT RAMON HERNANDEZ: Okay. Yes.
>
> THE COURT: Do you have any question about that?
>
> DEFENDANT RAMON HERNANDEZ: No.

THE COURT: And are you prepared to give up your right to complain at any time that Mr. Colon was ineffective because he represented two other defendants besides you in this case? Are you prepared to give up that right?

DEFENDANT RAMON HERNANDEZ: Yes.

THE COURT: Alright. And Mr. Reyes-Rueda, do you understand that situation?

DEFENDANT JORGE REYES-RUEDA: Yes, I understand it.

THE COURT: Do you have any question about it?

DEFENDANT JORGE REYES-RUEDA: No.

THE COURT: And are you prepared to give up your right to complain at any time that Mr. Colon was ineffective because he represented two other defendants besides you in this case?

DEFENDANT JORGE REYES-RUEDA: I don't know what – I don't know what to tell you. If there were a problem, I think he would tell me.

THE COURT: Okay. Well, it's too late if he tells you later. Now is the time – now is the time to decide if you want Mr. Colon to continue representing you. If you do, then you have to give up your right to complain that he was ineffective because he was representing two other defendants beside you. If you don't want to give up that right, you don't have to, and we can get you another lawyer. But what you can't do is go forward with Mr. Colon and then keep the right to complain about his performance because he represented two other defendants besides you. So that's the situation. Do you understand that?

DEFENDANT JORGE REYES-RUEDA: Yes. There is no problem.

THE COURT: Okay. And so you wish to go forward with Mr. Colon as your lawyer?

DEFENDANT JORGE REYES-RUEDA: Yes.

THE COURT: And do you give up your right to complain at any time that Mr. Colon had a conflict of interest because he represented two other defendants besides you in this case?

> DEFENDANT JORGE REYES-RUEDA: Yes.
>
> THE COURT: Alright. Mr. Muench [prosecutor], anything further you think I need to bring up?
>
> MR. MUENCH: No, sir.
>
> THE COURT: Okay. Mr. Colon, anything that you wish me to cover?
>
> MR. COLON: No, Your Honor.
>
> THE COURT: Alright. So I'll enter an order, as I did in the last one, indicating that the defendants have decided to continue with Mr. Colon and that they have waived any right to raise a conflict of interest based upon the multiple representations by Mr. Colon.

Transcript of Hearing at 10-12 (Doc. 879) Each allegation in the motion to vacate that trial counsel rendered ineffective assistance is premised on counsel's conflict of interest. Reyes-Rueda specifically waived the conflict of interest claim.

Accordingly, the amended motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 3) is **DENIED**. The clerk shall enter a judgment against Reyes-Rueda and close this case.

ORDERED in Tampa, Florida, on April 30, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE